UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY HINTON, #646238,

        Petitioner,

v.                      CASE NO. 2:15-CV-10687
                         HONORABLE DENISE PAGE HOOD

ROBERT NAPEL,

        Respondent.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION AS TO EXPANSION OF RECORD</u>**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Corey Hinton ("Petitioner") was convicted of felony murder, Mich. Comp. Laws § 750.316, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced to life imprisonment without parole, a concurrent term of one to seven and one-half years imprisonment, and a consecutive term of two years imprisonment on those convictions. In his pleadings, Petitioner raises claims concerning the non-production of a witness and the admission of his prior testimony, the jury instructions, the composition of the jury, and the effectiveness of trial and appellate counsel.

      The Court previously denied Petitioner's motions to expand the record to add his own affidavit and mental health records, which he believes are relevant to his

ineffective assistance of counsel claims.  Petitioner now seeks reconsideration of that decision requesting that the Court expand the record to include his pre-sentence investigation report ("PSIR"), which he asserts was part of the state court record.  To the extent that Petitioner asks the Court to consider the PSIR and other information that was actually part of the state court record, his request for reconsideration is granted.  To the extent that Petitioner asks the Court to consider medical records or any other information that was not itself part of the state court record, his request for reconsideration is denied.  The United States Supreme Court has made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Accordingly, the Court grants in part and denies in part Petitioner's motion for reconsideration (Dkt. # 15).

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  May 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager